# Exhibit 2

*Shepherds Hey*
*Clenches Farm lane*
*Sevenoaks*
*Kent*
*TN13 2LX*
*United Kingdom*

March 24th, 2009

The Honorable Christopher F. Droney
United States District Court
Abraham Ribicoff Federal Building
450 Main Street, Suite 228
Hartford, CT  06103

Re:   United States v. John Houldsworth

Dear Judge Droney

I am submitting this letter on behalf of John Houldsworth in connection with the Court's determination of his sentence.

My name is Andrew Baddeley. I am a citizen of the United Kingdom, aged 44, married with two teenage children. I qualified as a chartered accountant in 1987 and as a chartered tax adviser in 1990. I worked for Ernst & Young for the eight years to 1995 and then for the next few years at Price Waterhouse where I specialised in provision of tax advice to the insurance industry. In 1998 I joined General Re where I held a number of different positions culminating in appointment as Chief Financial Officer of their UK group of companies in early 2006. At the end of 2007 I was appointed Group Finance Director of Atrium Underwriting Group Limited, the UK parent company of a group that manages two syndicates at Lloyd's of London.

I first met John in 1998 when I was being interviewed for employment as a tax specialist within General Re. Over the next four years I worked with John regularly. I often visited Dublin, Ireland and Stamford, Connecticut for my work and stayed with him on a few occasions, meeting his wife and children. On one such occasion I was accompanied by my own family who spent a few days with John's family. I enjoyed John's company and over time found that we shared a number of common interests including both enjoyment of watching and playing a number of sports, and also our respective involvement in and devotion to our families, supporting our wives and children's work, hobbies, sports and school activities.

John has always been a hard-worker, typically starting the day early but especially when he was working in Stamford when he would travel early to the office both in order to avoid traffic, and to be available to colleagues working in European time-zones. John invested significant effort in building contacts with the senior executives throughout the General Re organisation. He also demonstrated a willingness both to move himself and his family to different locations for the General Re group (Bermuda, Ireland and the United States) and to travel extensively to support the group's business. His eagerness to assist colleagues around the organisation together with his enthusiasm and energy made him popular with staff and senior executives.

Clearly the last four years have been very difficult for John and his family. The support of his family and friends has no doubt helped him cope with the lengthy investigation, the realisation of what he had become involved with, his role in it, and the implications that it has had for his future. However, throughout the period, John has managed to remain upbeat, focussing on the positives, such as the good health that he and his family enjoy compared to what others sometimes have to cope with. In order to illustrate this, I should like to make special mention of the time in early 2005 that John spent being supportive of me when my mother died after four weeks of unexpected illness. At a time when he was under enormous pressure himself, the fact that he took time out during those weeks and in the time afterwards to talk to me and send messages of support, showed me the measure of the man and meant a great deal to me. I know of another occasion when John similarly supported a colleague who went through a traumatic personal time.

I believe that through the last four years John, having recognized early in the process that he had been involved with an inappropriate activity, has tried very hard to assist the authorities in their work. I sincerely hope that his involvement in that process will soon be finished so that he can move forward with his family who have had to cope with very difficult circumstances. A custodial sentence will bring further emotional and financial strain on John's family. I respectfully ask that you take a lenient approach in setting any penalty that the Court deems appropriate in sentencing John.

I should like to thank you for taking the time to read this letter.

Yours sincerely

*[signature]*

Andrew Baddeley